

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00684-CR

Angel Jonathan **KOENIGSTEIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR6833
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: February 15, 2023

DISMISSED FOR WANT OF JURISDICTION

Appellant Angel Jonathan Koenigstein entered into a plea bargain with the State pursuant to which he pleaded nolo contendere to murder. The trial court imposed sentence in the underlying cause on July 8, 2022. Because appellant did not file a motion for new trial, the notice of appeal was due by August 8, 2022. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due by August 22, 2022. *See id.* R. 26.3. Appellant filed a pro se

notice of appeal on October 6, 2022. On the same day, he filed a motion for leave to file the late notice of appeal in the trial court.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if: (1) it is filed within fifteen days of the last day allowed for filing; (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal; and (3) the court of appeals grants the motion for extension of time. *See id*. Because the clerk's record appeared to show that both the notice of appeal and the motion for extension of time were untimely filed, on October 19, 2022, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction.[1]

On November 18, 2022, appellant's newly appointed counsel filed a motion requesting an extension of time to file the response. Counsel requested the extension in order to communicate with appellant regarding "the factual and legal basis for the Notice of Appeal and Motion for Leave to File Late Notice of Appeal." We granted the motion, and extended appellant's deadline to file the response until December 19, 2022. On December 19, 2022, appellant's appointed counsel again requested an extension of time to file the response required by our October 19 order. Counsel's motion stated that he has written to appellant and received no response. The motion also noted that counsel has reviewed the clerk's record and "has no reason to dispute it[.]" We granted the motion, extending appellant's deadline to file a response until February 3, 2023.

---

[1] Our October 19 order also noted that the clerk's record shows the trial court imposed sentence in accordance with the plea agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Our order explained that we must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *See id.* R. 25.2(d). To date, an amended certification has not been made part of the record in this court.

As of the date of this opinion, no response has been filed. Because the clerk's record shows that appellant's notice of appeal and motion for extension of time were untimely filed, we dismiss this appeal for want of jurisdiction. *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM